IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GARY WAYNE WHITE, | ) | |
| TDCJ ID # 622752, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 5:08-CV-226-C |
| TDCJ EMPLOYEES, | ) | |
| | ) | ECF |
| Defendants. | ) | |

**ORDER**

Plaintiff, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Terry D. Tucker, Robert Romero, Sona Romero, Joel Gauna, and NP Wilson. Plaintiff complains about the conditions of his confinement while he was incarcerated at the Montford Unit of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), including violations of his constitutional rights in the form of excessive use of force, retaliation, deprivation of due process, and religious discrimination.

The complaint was transferred to the docket of the United States Magistrate Judge, who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on March 24, 2009. Although Plaintiff did not consent to proceed before the United States Magistrate Judge, on April 4, 2009, Defendants were ordered to file an answer or other responsive pleading to the allegations in Plaintiff's complaint. On April 23, 2009, Defendants filed their Rule 12(b)(6) Motion to Dismiss ("Defendants' Motion to Dismiss"). Pursuant to this Court's Order entered on January 7, 2009, the Magistrate Judge entered findings of fact, conclusions of law, and a recommendation for disposition, including recommendations

concerning the Defendants' Motion to Dismiss on August 25, 2009. No Objections were filed to either the Defendants' Motion to Dismiss or the Report and Recommendation.

At the *Spears* hearing, Plaintiff testified under oath, and that testimony is made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (testimony from a *Spears* hearing becomes part of the complaint.) This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, his amended complaint, the testimony given by Plaintiff at the *Spears* hearing, and properly authenticated inmate records pertaining to Plaintiff which were provided by the TDCJ-ID pursuant to Court orders. The Court has also reviewed the Defendants' Motion to Dismiss and has examined the findings, conclusions, and recommendation of the Magistrate Judge. This Court finds that the Magistrate Judge's findings, conclusions, and recommendation should be accepted and adopted. To the extent that the Report and Recommendation does not provide analysis for the conclusion that Plaintiff's excessive-use-of-force claims against Defendant Robert Romero should proceed through the course of litigation, this Court also concludes, for the reasons set forth below, that Defendant Robert Romero should file a written answer or response to Plaintiff's claims that he was subjected to cruel and unusual punishment in the form of an excessive use of force on July 13, 2007.

**EXCESSIVE USE OF FORCE**

The Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992), held that a correctional officer's use of excessive force could constitute cruel and unusual punishment of a prisoner contrary to the Eighth Amendment. A court is to determine "whether force was applied in a

2

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

The Fifth Circuit in *Hudson*, on remand from the Supreme Court, stated that the factors to be considered include

> 1. the extent of the injury suffered; 2. the need for the application of force; 3, the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response.

*Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

"[T]o succeed on an excessive force claim, the plaintiff bears the burden of showing: '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.'" *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740) (5th Cir. 2000) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)).

"'Whenever prison officials stand accused of using excessive force in violation of the Cruel and Unusual Punishments Clause, the **core judicial inquiry** is . . . whether force was applied in a **good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm**.'" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (emphasis added in *Baldwin*).  During the *Spears* hearing, Plaintiff testified that the Defendant Robert Romero and other officers "jumped on him," "got his hair," and hit his face on the floor, which resulted in a cut to his eye requiring stitches.  He also mentions a "broken pin" in his shoulder.  The United States Magistrate Judge concluded that Plaintiff sufficiently alleged that he had suffered more than *de minimis* injuries as

3

a result of the use of force by Defendant Robert Romero and noted that the Defendants did not address the excessive-use-of force claims in their Motion to Dismiss.  This Court also finds that Plaintiff has come forward with sufficient evidence of "some injury" in support of his claim that Defendant Robert Romero used excessive force on July 13, 2007, and consequently, Defendant Robert Romero should be required to file an answer or other responsive pleading to Plaintiff's claims regarding the alleged excessive use of force.

It is therefore ORDERED:

1.	Defendants' Motion to Dismiss is **granted in part**, and Plaintiff's complaint and all claims alleged therein against Defendants Terry D. Tucker, Sona Romero, Joel Gauna, and NP Wilson are **dismissed with prejudice.**

2.	Defendant's Motion to Dismiss is **denied** on all other grounds.

3.	Defendant Robert Romero shall file a written answer or response to Plaintiff's claims that he was subjected to cruel and unusual punishment in the form of an excessive use of force on October 12, 2007, within thirty (30) days from the date the Law Enforcement Defense Division of the Texas Attorney General's Office receives this Order.

4.	The Clerk shall mail a copy of Plaintiff's civil rights complaint, along with a copy of this Order, to Docketing, Law Enforcement Defense Division, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711 by certified mail, return receipt requested.

5.	The caption of this case shall be changed to reflect that Defendant Robert Romerois the only remaining defendant.

6.	Any pending motions are denied.

Judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, shall be entered accordingly.

Dated January 14, 2010.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

5